```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION


JESUS SEVILLA,

         Plaintiff,

                                        Civil Action 2:15-cv-2979
    vs.                                 Judge Graham
                                        Magistrate Judge King

RON O'BRIEN, et al.,

         Defendants.
```

                      **REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner, brings this civil rights action under 42 U.S.C. § 1983 alleging that defendants, the Prosecuting Attorney for Franklin County, Ohio, and two (2) Assistant Prosecuting Attorneys, violated plaintiff's constitutional rights when, during the course of plaintiff's 2006 prosecution for murder and attempted murder, they concealed exculpatory DNA evidence from plaintiff. According to plaintiff, had this evidence been disclosed, he "would not have been convicted." *Complaint*, ECF No. 1, PAGEID# 5. Plaintiff also contends that O.R.C. §§ 2953.72-75, which authorizes DNA testing under certain circumstances, and O.R.C. § 2953.23, which establishes the time by which petitions for post conviction relief must be filed, are "controled [sic] in the interest of the state" and deprive plaintiff of due process and equal protection. *Id*. The *Complaint* seeks a declaration that defendants are not entitled to the protection of qualified immunity, that defendants' suppression of DNA evidence

1

"worked to the actual and substantial prejudice of Plaintiff," *Id*. at PAGEID# 6, that plaintiff is entitled to post conviction DNA testing, and that defendants' pretrial and post trial conduct in connection with DNA testing deprived plaintiff of due process and equal protection. *Id*. The *Complaint* also seeks an injunction requiring defendants to produce to plaintiff "all (DNA) evidence biological evidence tested or not tested in" plaintiff's criminal case. *Id.*

This matter is now before the Court for the initial screen of the *Complaint* required by 28 U.S.C. §§ 1915(e), 1915A.

The claims asserted in this action constitute a challenge to plaintiff's criminal conviction and confinement. Those claims cannot proceed under § 1983 unless plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or have otherwise been called into question by a federal court's issuance of a writ of habeas corpus." *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003)(citing *Heck v. Humphrey*, 512 U.S. 477 (1994)). Challenges to the fact or duration of one's confinement, *i.e.*, challenges falling "within the traditional scope of habeas corpus," are not cognizable under § 1983.  *See also Thomas v. Eby,* 481 F.23d 434, 438 (6th Cir. 2007).

Plaintiff does not allege that his conviction has been either set aside or declared invalid. Indeed, plaintiff's habeas corpus action under 28 U.S.C. § 2254 was dismissed by this Court as untimely. *Jesus Sevilla v. Warden, Chillicothe Correctional Institution,* 2:14-cv-2637 (S.D. Ohio October 8, 2015). Under these circumstances, the claims

2

asserted in this civil rights action cannot proceed.

It is therefore **RECOMMENDED** that this action be dismissed for failure to state a claim upon which relief can be granted.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those

3

objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

                                           *s/  Norah McCann King*
                                           Norah M<sup>c</sup>Cann King
                                           United States Magistrate Judge

Date: November 16, 2015