IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jesus Sevilla,

    Plaintiff,

  v.                            Case No. 2:15-cv-2979

Ron O'Brien, et al.,

    Defendant.

ORDER

    Plaintiff Jesus Sevilla, a state prisoner, filed this action on November 10, 2015, pursuant to 42 U.S.C. §1983 against Franklin County, Ohio, Prosecuting Attorney Ron O'Brien and Assistant Prosecuting Attorneys David F. Zeyen and Laura R. Swisher in their individual and official capacities. Petitioner was convicted of murder and attempted murder in the Court of Common Pleas of Franklin County, Ohio in August of 2006. Plaintiff now seeks biological DNA crime scene evidence which he alleges was in the possession and control of the defendants or available for DNA testing. Complaint, p. 5. Plaintiff alleges that the defendants claimed that DNA evidence "was non-existent" and that they concealed or failed to disclose evidence requested at trial, specifically, bullet forensic evidence, blood and hair evidence, hospital tests, reports, and fingerprint evidence. Plaintiff alleges that had this evidence been disclosed, plaintiff would not have been convicted at trial. Complaint, p. 5. Plaintiff also claims that Ohio Rev. Code §§2953.72-2953.81 and 2953.23(A), as construed, "are controled [sic] in the interest of the state, and not for the best interest of the citizen for Article III purposes by procedural mechanisms" that violate his due process and equal

protection rights under the Fourteenth Amendment of the United States Constitution and the Ohio Constitution.

Plaintiff seeks a declaratory judgment: 1) that the defendants would not be entitled to qualified immunity for suppressing DNA evidence; 2) that defendants' pretrial and post-trial refusal to disclose or test DNA evidence prejudiced plaintiff and violated his due process and equal protection rights; 3) that the interest of justice requires postconviction disclosure and testing of DNA evidence; and 4) that the Rooker-Feldman and res judicata doctrines do not apply in this case. Plaintiff also requests injunctive relief compelling defendants to reveal all DNA evidence tested in his criminal case and to turn it over to plaintiff for inspection.

On November 17, 2015, the magistrate judge issued a report and recommendation after conducting an initial screen of the complaint pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A. The magistrate judge concluded that plaintiff's claims constitute a challenge to his criminal conviction and confinement which may not proceed under §1983 because the complaint failed to allege that plaintiff's conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. Doc. 5, p. 2 (citing Lanier v. Bryant, 332 F.3d 999, 1005-06 (6th Cir. 2003) and Heck v. Humphrey, 512 U.S. 477 (1994)). The magistrate judge noted that challenges to the fact or duration of one's confinement falling within the traditional scope of habeas corpus are not cognizable under §1983. Doc. 5, p. 2 (citing Thomas v. Eby, 481 F.3d 434, 438 (6th Cir. 2007)). The magistrate judge further observed that plaintiff's

habeas corpus action under 28 U.S.C. §2254 was dismissed by this court as untimely. See Sevilla v. Warden, Chillicothe Correctional Inst., 2:14-cv-2637 (S.D. Ohio Oct. 8, 2015). Doc. 5, p. 2. The magistrate judge recommended that this action be dismissed for failure to state a claim for which relief may be granted. Doc. 5, p. 3.

This matter is before the court for consideration of plaintiff's objections (Doc. 6) to the magistrate judge's report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

Under 28 U.S.C. §1915(e), sua sponte dismissal of an action is required upon the court's determination that the action fails to state a claim upon which relief may be granted. Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008). Courts conducting initial screens under §1915(e) apply the motion to dismiss standard. See, e.g., Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§1915A and 1915(e)(2)(B)(ii)).

Courts ruling on a motion to dismiss under Rule 12(b)(6) construe the complaint in a light most favorable to the plaintiff, accepting all well-pleaded allegations in the complaint as true, and determining whether plaintiff undoubtedly can prove no set of

3

facts in support of those allegations that would entitle him to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Techs., Inc., 520 F.3d 516, 519 (6th Cir. 2008).  To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." Mezibov v. Allen, 411 F.3d 712, 716 (6th Cir. 2005).  While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level" and "state a claim that to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Plaintiff alleged in the complaint that the defendants withheld exculpatory evidence at trial and that, had this evidence been disclosed, he would not have been convicted.  Plaintiff further alleged that defendants' pretrial and post-trial refusal to disclose or test DNA evidence prejudiced him and violated his due process and equal protection rights.  Plaintiff's due process claim is based on Brady v. Maryland, 373 U.S. 83 (1963), which prohibits the prosecution from withholding evidence favorable to the accused and material to his guilt or to punishment.  Plaintiff now contends in his objections that, despite the allegations in his complaint, he is not asserting a Brady claim here, but rather is pursuing that claim in his habeas action which is now pending on appeal.  He argues that this claim is not barred by Heck.  However, he also alleges in his objections that the defendants have continued to oppose his efforts to obtain the discovery materials in his case in postconviction proceedings.

4

The court agrees with the magistrate judge's conclusion that plaintiff's allegations that the defendants withheld exculpatory evidence at trial fail to state a claim under §1983. Under Heck, §1983 is not an available remedy where any award in the plaintiff's favor would "necessarily imply" the invalidity of his conviction. Heck, 512 U.S. at 487. The Supreme Court has noted that "a Brady claim, when successful postconviction, necessarily yields evidence undermining a conviction" and that Brady claims thus "have ranked within the traditional core of habeas corpus and outside the province of §1983." Skinner v. Switzer, 562 U.S. 521, 536 (2011). To the extent that the allegations in plaintiff's complaint can be construed as asserting a due process right under Brady to the post-trial disclosure of exculpatory evidence, that claim also fails, as Brady does not require the post-trial disclosure of evidence. See District Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 68-69 (2009). In addition, plaintiff has no substantive due process right to DNA evidence. Id. at 72-75.

Plaintiff argues in his objections that his claims are not barred by the Rooker-Feldman doctrine. This doctrine, stemming from Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), bars actions brought by state-court losers seeking district court review of state court judgments. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005). Attached to the complaint is a motion filed by plaintiff on November 17, 2011, in Franklin County Case No. 05-CR-4630 requesting the release of records and evidence by the Bureau of Criminal Investigation. Plaintiff states in his objections that this motion was denied on

procedural grounds on June 20, 2012. Plaintiff further contends in his objections that he filed another motion in the common pleas court on August 1, 2012, requesting the court to order the prosecutor to provide him with evidence relevant to his conviction, which was denied by the court on May 23, 2014, and that a petition for writ of mandamus filed by plaintiff on June 16, 2014, in the Ohio Court of Appeals for the Tenth Appellate District was dismissed. To the extent that plaintiff's complaint can be construed as a request for review by this court of the state court decisions referred to in the complaint and plaintiff's objections, such review is barred by the Rooker-Feldman doctrine.

In his objections, plaintiff argues that his claim that the Ohio DNA testing procedures contained in Ohio Rev. Code §§2953.72-2953.83 violate his constitutional rights can proceed under §1983 and is not barred by Heck. Under Ohio Rev. Code §§2953.72 and 2953.73, a person convicted of and sentenced to a term of imprisonment for a felony can file an application for the testing of DNA evidence, on a form prescribed by the attorney general for this purpose, with the court of common pleas judge who sentenced the offender. Upon the filing of an application, the judge must require the prosecuting attorney to use reasonable diligence to determine whether biological material was collected from the crime scene or victim, and whether the parent sample of that biological material still exists. Ohio Rev. Code §2953.75(A). The common pleas judge decides whether the application should be accepted or rejected, and that decision is appealable. Ohio Rev. Code §2953.73(D) and (E). Ohio Rev. Code §2953.21, also referred to in plaintiff's complaint, governs general post-conviction remedies,

6

but also applies in cases where DNA testing performed under §§2953.72-2953.83 established the person's actual innocence.

In Skinner, the Supreme Court addressed the issue of whether a federal court has jurisdiction under §1983 over a claim which challenges the constitutionality of a state statute governing the production and testing of DNA evidence. The Court concluded that subject-matter jurisdiction over such a claim did exist and was not barred by the Rooker-Feldman doctrine, as the plaintiff was challenging the state statute itself, not the prior adverse state court decisions. Skinner, 562 U.S. at 531-533. The Court further held that such a §1983 claim was not barred under Heck, noting that success in a suit seeking DNA testing would not '"necessarily imply"' the invalidity of the conviction, as the DNA test results might prove to be inconclusive or incriminatory rather than exculpatory. Id. at 544-36 (quoting Heck, 512 U.S. at 487).

Assuming that plaintiff's attack on the DNA evidence procedures in §§2953.72-2953.83 is cognizable under §1983, the court concludes that plaintiff's complaint nonetheless fails to state a claim for relief. Although plaintiff's reference to the Ohio DNA testing provisions in his complaint indicates that he is aware of them, he failed to allege in his complaint or in his objections that he ever filed an application for DNA testing under the Ohio statutes. None of the previous procedures employed by plaintiff described in the documents attached to his complaint and in his objections involved an application under §§2953.71-2953.83. In fact, many of those documents do not specifically refer to DNA evidence.

In Osborne, where the plaintiff sought to attack the Alaska

7

statutory scheme on procedural due process grounds, the Supreme Court noted:

> His attempt to sidestep state process through a new federal lawsuit puts Osborne in a very awkward position. If he simply seeks the DNA through the State's discovery procedures, he might well get it. If he does not, it may be for a perfectly adequate reason, just as the federal statute and all state statutes impose conditions and limits on access to DNA evidence. It is difficult to criticize the State's procedures when Osborne has not invoked them. This is not to say that Osborne must exhaust state-law remedies. But it is Osborne's burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief. These procedures are adequate on their face, and without trying them, Osborne can hardly complain that they do not work in practice.

Osborne, 557 U.S. at 71 (internal citations omitted).

Because there is no indication that plaintiff has ever filed an application under the Ohio statutes, his complaint contains no factual basis gleaned from personal experience for arguing that those procedures would be constitutionally deficient as applied to him. See Hartman v. Walsh, No. 5:11-cv-1401, 2011 WL 5362123 at *3-4 (N.D.Ohio Nov. 2, 2011)(granting motion for judgment on the pleadings on procedural due process claim where plaintiff had used only the general postconviction relief methods available under §2953.21, and had not filed an application for DNA testing under §§2953.71-2953.83). He also does not allege in his complaint how the Ohio DNA testing procedures are inadequate on their face. Conclusory allegations are insufficient to state a civil rights claim. Crawford-El v. Britton, 523 U.S. 574, 588 (1998); see also Hartman, 2011 WL 5362123 at *4 (plaintiff who did not plead how §§2953.71-2953.83 were inadequate failed to state a procedural due process claim); Dell v. O'Hare, No. 2-15-CV-11211, 2015 WL 5063267

8

at *2 (E.D.Mich. Aug. 27, 2015)(conclusory allegations challenging Michigan procedures for DNA testing were insufficient to state a procedural due process claim).

Plaintiff's allegations that he has been denied his equal protection rights are also conclusory in nature.  He has provided no factual support for this claim, nor has he described how he has been treated differently for others who are similarly situated. See Bannum, Inc. v. City of Louisville, Kentucky, 958 F.2d 1354, 1359-60 (6th Cir. 1992); Dell, 2015 WL 5063267 at *3 (dismissing equal protection claim on initial screen where plaintiff provided no factual support for his equal protection claim and failed to show how he had been treated differently from others similarly situated).  The court finds that plaintiff has failed to adequately plead a due process or equal protection claim.

Having reviewed the report and recommendation and plaintiff's objections in accordance with 28 U.S.C. § 636(b)(1) and Rule 72(b), the court finds that plaintiff's objections are without merit.  The court overrules plaintiff's objections and adopts the magistrate judge's report and recommendation (Doc. 5).  This action is hereby dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.  The clerk shall enter judgement dismissing this case.

Date: December 4, 2015           s/James L. Graham
                                 James L. Graham
                                 United States District Judge