IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JESUS SEVILLA,**

    **Plaintiff,**

    **vs.**

**RON O'BRIEN,** *et al.*,

    **Defendants.**

Civil Action 2:15-cv-2979
JUDGE JAMES L. GRAHAM
Magistrate Judge King

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner, brought this civil rights action under 42 U.S.C. § 1983, complaining of alleged misconduct on the part of the defendant prosecutors and other alleged deficiencies in connection with his state criminal trial. Final judgment dismissing the action was entered following the initial screen of the *Complaint*, ECF No. 1. *Order*, ECF No. 7; *Judgment*, ECF No. 8. That judgment was affirmed by the United States Court of Appeals for the Sixth Circuit. *Sevilla v. O'Brien*, No. 16-3006 (6th Cir. May 24, 2016). The United States Supreme Court denied Plaintiff's petition for a writ of *certiorari. Sevilla v. O'Brien*, No. 16-5548 (Sup. Ct., Oct. 11, 2016). This matter is now before the Court on *Plaintiff's Motion for Leave to Vacate Court Cost pursuant to Fed. R. Civ. P. 60(B),* ECF No. 20 ("*Plaintiff's Motion*").

Plaintiff was granted leave to proceed *in forma pauperis* at the outset of the case. *Order*, ECF No. 4. Consistent with that *Order* and with the express provisions of 28 U.S.C. § 1915(b)(2), however,

1

partial payments of the full filing fee have been deducted from Plaintiff's prison account since that time. *Plaintiff's Motion* asks that this Court direct that further deductions not be made. He contends that these deductions from his "meager state allowance create[] an unnecessary financial burden on him," *id*. at PageID# 120; he represents that he is willing to perform "community service" in the prison in lieu of such payments. *Id*. at PageID# 119.

This Court is without authority to waive payment by plaintiff of the full filing fee in this action. The United States Court of Appeals for the Sixth Circuit has addressed this issue:

> In the Prisoner Litigation Reform Act of 1995 (the "PLRA"), Congress amended 28 U.S.C. § 1915 by adding language requiring all prisoner litigants to pay the full filing fees for civil actions and appeals. The intent of the amendment was to deter frivolous and vexatious prisoner litigation by exposing prisoners to the same financial risks and considerations faced by other litigants. *See Lyon v. Krol,* 127 F.3d 763, 764 (8th Cir.1997); *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir.1996). This court noted the result of that amendment:
>
>> Pauper status for inmates, as we previously knew it, no longer exists. While incarcerated, all prisoners must now pay the required filing fees and costs.... Prisoners are no longer entitled to a waiver of fees and costs.
>
> *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). Congress understood that many prisoners would not be able to pay the full filing fees immediately. It therefore provided that prisoners (who would have been eligible for a complete or partial waiver of fees prior to 1995) would now be assessed an initial filing fee with a requirement that the full fee be paid by means of future periodic deductions from their prison accounts. *See* 28 U.S.C. § 1915(b). . . .
>
> \*\*\*
> In *McGore, supra,* this court also held that the obligation to pay the full filing fee under § 1915(b)

2

>arises at the time a civil complaint is filed and that the subsequent dismissal of the action, even if voluntary, does not negate that obligation. 114 F.3d at 607.

*In re Alea*, 286 F.3d 378, 380–81 (6th Cir. 2002)(footnotes omitted).

It is therefore **RECOMMENDED** that *Plaintiff's Motion for Leave to Vacate Court Cost pursuant to Fed. R. Civ. P. 60(B),* ECF No. 20, be **DENIED**.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to

magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)). Filing only "vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)).


February 16, 2018                           *s/ Norah McCann King*
                                            Norah McCann King
                                            United States Magistrate Judge